RECEIVED

# UNITED STATES DISTRICT COURT

JAN 1 1 2022

for the

Northern District of Iowa

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

Cedar Rapids Division

| | | |
|---|---|---|
| JACK LOSEE, | ) | Case No. ___22-cv-04-CJW-KEM___ |
| _____ | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| BETH SKINNER,   -v- | ) | |
| KRIS KARBERG, | ) | |
| MICHELLE WADDLE, | ) | WITH DEMAND FOR |
| TRACY DIETSCH, | ) | JURY TRIAL |
| LINDSAY STUPKA, | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names. Do not include addresses here.)* | | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jack Losee  #0403522 |
| All other names by which you have been known: | N/A |
| ID Number | 0403522 |
| Current Institution | Anamosa State Penitentiary |
| Address | 406 N. High st. |
| | Anamosa,                    Iowa            52205 |
| | *City*              *State*           *Zip Code* |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Beth Skinner |
| Job or Title *(if known)* | Dept. of Corrections Director |
| Shield Number | |
| Employer | State of Iowa/ Iowa DOC |
| Address | 510 East 12th st. |
| | Des Moines              Iowa          50319 |
| | *City*              *State*           *Zip Code* |

☒ Individual capacity   ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Kris Karberg |
| Job or Title *(if known)* | Warden, Anamosa State Penitentiary |
| Shield Number | |
| Employer | State of Iowa/ IA DOC |
| Address | 406 N. High st. |
| | Anamosa,              Iowa          52205 |
| | *City*              *State*           *Zip Code* |

☒ Individual capacity   ☒ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Michelle Waddle |
| Job or Title *(if known)* | Deputy Warden |
| Shield Number | |
| Employer | State of Iowa/ IA DOC |
| Address | 406 N. High st. |

| Anamosa | Iowa | 52205 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☒ Individual capacity  ☒ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Tracy Dietsch |
| Job or Title *(if known)* | Treatment Director |
| Shield Number | |
| Employer | State of Iowa/ IA DOC |
| Address | 406 N. High st. |

| Anamosa | Iowa | 52205 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☒ Individual capacity  ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

U.S. Constitutional Eighth Amendment
Fourteenth Amendment, U.S. Constitution
First Amendment, U.S. Constitution

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Defendant No. 5

Name:  Lindsay Stupka

Job or Title:  Cellhouse Unit Manager for LUC & LUA

Shield No.:

Employer:  State of Iowa/ IA DOC

Address:  406 N. High st.
          Anamosa,   Iowa  52205

          X    Individual capacity

          X    Official capacity

N/A

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

All actions by defendants are described in detail in the complaint and the accompanying Motion for TRO and P.I.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☒    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

All claims statements are on additional pages attached

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

All events are described in detail in the additional pages attached herein, as is the where and when of each

C.     What date and approximate time did the events giving rise to your claim(s) occur?

```
All detailed on additional pages attached
```

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

```
All detailed on additional pages attached
```

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

```
Denial of constitutional rights, which itself constitutes injury;
Continued headaches, memory loss and shortness of breath;
Infected with covid-19; and
Being subjected to exposure to mold on a daily basis.
```

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

```
1. Jury trial denmand;
2. The granting of the TRO & Preliminary Injunction & all relief
   therein;
3. Reimbursement of any and all expenses associated with this
   action, including filing fee;
4. Attorney fees to counsel if or when one is appointed;
5. Punitive damages against Dietsch & Stupka in the amount of
   Five thousand dollars each;
6. Additional Relief listed on additional page.
```

6. An Order directing defendants to conduct classification hearings in a manner that does not deny inmates due process, i.e., allows inmates to be present at hearings, to be able to present evidence, to know what criteria is being used, to know who all is involved in the decision-making process, and to be able to appeal and be able to expect that a response to that appeal will be issued.

7. For the Court to issue an Order for the defendants to through out all previous classification decisions that classed plaintiff Losee as "assault potential" and as a class "B" category work class, and for rehearings to be conducted that are constitutional, and are not conducted by Dietsch and Stupka, or any of the other defendants listed herein. And that plaintiff Losee be classified for transfer in accordance with DOC Policy IS-CL-01.

## STATEMENT OF CLAIM

The plaintiff(s) are housed in Living Unit C (LUC) at the Anamosa State Penitentiary. This building was built in the late 1800s. The cellhouse holds 316 inmates, is heated with a radiator system, has never had air conditioning, and has no central air handling system(s), and does not meet ASHREA standards for air quality in a correctional setting. The cells also have no hot water plumbing in them. The cells have a floor space, for movement by the inmates, of approximately 23 inches wide by 7 feet in length, with 1'x2' being deducted because of a desk.

There are 80 pipe chases that run from the top tier to the ground floor, through every cell (in a four tier high arrangement) that are narrow, dank spaces that are not ventilated and are full of mold.

There is also mold under the plaster in a number of cells. This is due to the extreme humidity every summer that causes the cell-house walls, both inside and outside of the cells to drip with moisture, and also due to the innumerable pipe leaks over the years.

The air quality is so poor in this building that at the end of October of 2020, more that 300 of us in LUC alone became infected with Covid-19 within a one week time period, of which five died right away, with another three dying shortly thereafter.

Many of us are still suffering from medical issues due to that exposure, such as shortness of breath, reduction in taste and smell, memory loss, headaches, etc.; and because of the additional threat of some covid variant, wich are on the rise nation-wide, and the fact that LUC houses numerous elderly inmates with a variety of medical conditions, the threat of additional deaths in this building is extremely high.

Defendant Beth Skinner has known about the poor air quality in LUC for at least two years, while warden Karberg has been made aware of the issue more recently, yet both of these defendants have failed to take any steps to improve the conditions in this building to assure the safety of all inmates housed in it.

Plaintiff Losee still suffers from memory loss, shortness of breath and mild headaches that are fairly frequent--whether due to his covid infection in October, or the mold in the building,

or both, is debatable, but the headaches only occure inside of
LUC itself. But what is not debatable, is the threat of irreparable
harm, or even additional deaths due to the combined conditions in
LUC along with the threat of another covid spread within this
institution, and especially within LUC in particular; added to the
fact that the defendants are doing nothing to improve the conditions
in LUC.

This issue is further described within Plaintiff's Motion Request-
ing Grant Of A TRO And Preliminary Injunction.


ISSUE 2


Here at the Anamosa State Penitentiary (ASP), all inmates have
been, and are continuing to be classified, for the determination
of what institutional jobs we can or can not be assigned to, and
what restrictions will and will not be placed upon us at those job
sites. This classification process is being done without us being
able to be present, without us knowing whom all was involved, what
criteria was considered or used, without having an opportunity
to speak for ourselves or present evidence, and no opportunity to
appeal. All of which violates our Due Process rights under the
Fourteenth Amendment. It also leaves us susceptible to restrictions
being placed upon us unjustifiably, or even for vindictive or
retaliatory reasons.

Likewise, a previous classification process used to classify all
inmates as AP (assault potential), VP (victim potential), etc.
(for the determining of which inmates can be celled with whom) was
also in violation of our Due Process rights, for the same reasons
as stated above.

I myself was classified as AP, yet I have no assaults, was a
mentor at the Newton Correctional Facility, and have worked with
inmates for years dealing with property issues, and dressing them
out in the clothing room, without a single negative incident.

My work supervisor (SCO Green) recently informed me that the
Associate Warden of Treatment (or Treatment Director), Tracy
Dietsch told him that I was not allowed to work with or around

any new incoming inmates.

In addition, Unit Manager Lindsay Stupka, on 12/15/21 assigned me as a class "B" worker, which affects the type of job I can and can not be assigned to, restricts me on the use of tools, and affects the amount of pay I can earn; restricts me from possible transfer to a medium security facility, my housing placement, etc., because it reflects poorly on me in my records.

The restrictions being placed upon me are retaliatory in nature, and not done out of any legitimate penological security concerns. This is evidenced by the following:

I have worked with various tools and done a wide range of jobs in the nearly 40 years of incarceration, without ever abusing that privilege or abusing the use of a tool; I have never been assaultive; am "minimum" security custody level; and no restrictions were ever placed upon me until I filed formal complaints against Treatment Director Dietsch and unit manager Stupka. Those complaints concerned Dietsch's responsibility in Dutcher's being placed into the Custom Wood Shop even though Dietsch knew that Dutcher had a history of threats and assaults (Dutcher would later, in March of 2021, leave the IPI shop without authorization and assist in the killing of an officer and a nurse), and the fact that Dietsch, even after being responsible for Dutcher's placement into the IPI Custom Wood Shop, is now in charge of determining which jobs all inmates can and can not have, and what restrictions will and will not be placed upon them; and complaints against Stupka include a PREA complaint concerning Stupka allowing, and making it easier for inmate Mutchler to have sex with other inmates in LUC, and to prey on others, Stupka paying special-needs inmates full monthly wages even when she knows they do no work at all, lying to cover up for the wrongful acts of special-needs inmates, and arguing against some inmates earning pay equal to others in less high-security or less trustworthy jobs – esentially, playing favoritisms between inmates she favors and those she does not.

None of the restrictions were placed upon me until those complaints were filed.

In addition, due to the fact that this institution continues to be on a level of restricted movement, and the institution is being

made more "maximized" as time goes by, and because I am minimum
security custody level, I requested to be transferred to a less
restricted institution. On 9/30/21 Stupka refused to even consider
classifying me for a transfer. I filed an appeal to Dietsch on
9/30/21; Dietsch refused to respond. On 12/17/21 I sent a second
appeal to Dietsch; she refused to respond to that one as well.

And, in addition, DOC Policy IS-CL-01 states that: "Incarcerated
individuals in the institution's highest TIP ranks shall be rout-
inely reviewed for transfer." The Policy contains mandatory language,
and thus, creates a liberty interest that is being denied. As I am
the highest TIP rank, and have been for years.

Chronology of events and dates showing retaliation:
On 7/21/21 a Memorandum was posted describing a job classification
process and checklist, describing work classes "Categories A through
D", yet no mention of what criteria is being used or considered.

On 9/16/21 I submitted an Informal Resolution attempt to Deputy
Warden Waddle, concerning the issues about Dietsch and Stupka. There
was no response to that.

On 9/19/21 I kiosked Warden Karberg concerning my PREA complaint
against Stupka.

On 9/21/21 I kiosked counselor McDonnell, requesting to be class-
ified for transfer.

On 9/22/21 I kiosked the warden concerning a classification appeal/
complaint I wished for him to address. He responded by telling me
to kiosk deputy warden Waddle.

On 9/25/21 I sent a written classification appeal/complaint to
deputy warden Waddle. She refuses to address the issue.

On 9/30/21 Stupka refused to classify me for a transfer, even
though I am minimum security custody level, and DOC Policy states
that I "shall" be routinely reviewed for transfer.

On 9/30/21 I filed an appeal to Dietsch. She failed to reply.

On 12/17/21 I sent another appeal to Dietsch. She also refused
to respond to that appeal.

In November of 2021 I filed a grievance against Stupka for the
Issues listed previously. On 12/21/21 that grievace was "sustained".

On 10/26/21 I filed an additional appeal/complaint to Waddle.
She has refused to address those issues once again.

On 12/15/21 Stupka classified me as a class "B" job assignment worker, though I had not been so classed up to that point.

On 12/18/21 I filed a grievance concerning all of the classification issues and restrictions.

The above chronology shows that there is also no classification appeal process at the Anamosa State Penitentiary, which denies Due Process; and shows that the denials and restrictions are being done by defendants Dietsch, Stupka, Waddle and Karberg in retaliation for my bringing complaints against Dietsch and Stupka, which I have a constitutionally protected right to do; and, therefore, those defendants are violating my First Amendment constitutional rights by retaliating against me with deliberate and callous indifference.

The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech, or for something they say or write that they have a protected right to do. Prisoners are entitled to utilize available grievance procedures without threat of recrimination.

To prevail one must allege (1) that the speech or conduct at issue was protected, (2) that the defendants took adverse action against plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action. Also that the action did not reasonably advance a legitimate correctional goal.

I believe those factors have been more than adequately shown to have been met by the description of events listed herein.

Also, while classifications do not deny equal protection of laws as long as there is a rational basis for them, classification decisions are unconstitutional if they are done for unconstitutional reasons, such as retaliation of exercise of First Amendment rights.

Adverse action need not independently violate the constitution to support a retaliation claim, nor need to impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" as is required to support a claim of deprivation of liberty denying due process. Among the actions that courts have found sufficiently adverse to support a retaliation claim are denial of transfer and unfavorable classification. All of which are applicable in my own case.

And, in addition, I believe prisoners also have a constitutional right to a legitimate and fair classification process, and an appeal process. The denial of either, or both collectively is unconstitutional.

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Anamosa State Penitentiary_

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_All claims ; Also see "Administrative Remedies, Cont'd."_
_on additional and separate page, And also with regard to_
_E (3)&(4), & F (1&2)_

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes     N/A

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

```
Anamosa State Penitentiary
Iowa Dept. of Corrections
```

2.    What did you claim in your grievance?

```
The issues and violations listed within the complaint
```

3.    What was the result, if any?

```
Warden Karberg stated that ventilation & air conditioning
are on DOC projects list, no timeline determined. No decision
to clean away the mold.

DOC Director Skinner would not respond.
```

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

```
All grievances ultimately end up with the institutional
warden and the DOC Director. A written formal complaint to
both of those individuals constitutes a grievance appeal
process.
```

The grievance officer does not have the authority or the ability to rectify the problems described in this complaint, or to grant the relief required. Only the warden and the DOC Director, collectively, can do so. Therefore, a "grievance form" to the grievance officer was not used. Instead, formal written complaints were sent to the warden and the DOC Director themselves, which constitutes a grievance exhaustion, and appeals (since the warden and DOC Director are the ones who hear all appeals anyway). And due to the serious nature of the threat, and the fact that eight inmates died in a short period of time due to the conditions described; along with the fact that the DOC Director has known about the poor air quality in the cellhouse for at least two years now and has chosen to take no steps to improve those conditions, even following those eight deaths, makes this case and the threats of irreparable harm, or additional deaths, a serious enough matter that relief needs to be granted without delay.

With regards to the classification issues, a grievance was filed, but, per IDOC Policy IO-OR-06, classification decisions are non-grievable.

F.     If you did not file a grievance:

1.     If there are any reasons why you did not file a grievance, state them here:

Grievances were filed, in one form or another, whether the issue was grievable or not. See "Administrative Remedies, Cont'd." on the additional added page.

2.     If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

DID file grievances, but also filed formal complaints to the DOC Director as well

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes    N/A, as the entire filing is being paid in full, and also
☐ No     because I, and many others are under imminent danger of serious physical injury, and possibly even death.

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A    And for the Court's information, regardless of what any court records may show, I have Never had a past action dismissed as "frivolous" or as "malicious". Certainly not to the best of my recollection anyway.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)        N/A

Defendant(s)     N/A

2.   Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.   Docket or index number

N/A

4.   Name of Judge assigned to your case

N/A

5.   Approximate date of filing lawsuit

N/A

6.   Is the case still pending?

☐ Yes      N/A

☐ No

If no, give the approximate date of disposition.        N/A

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)      Jack Losee

Defendant(s)    Iowa DOC et al

2.   Court *(if federal court, name the district; if state court, name the county and State)*

Southern District Of Iowa

3.   Docket or index number

4:21-00092-RGE-HCA

4.   Name of Judge assigned to your case

Helen C. Adams and Rebecca Goodgame Ebinger

5.   Approximate date of filing lawsuit

3/22/21

6.   Is the case still pending?

☒ Yes        First Amendment: censorship issue

☐ No

If no, give the approximate date of disposition      N/A

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

I attempted to file the complaint in the Northern District but do to the outdated forms in our prison library, I could not get anything delivered to the court in Cedar Rapids. The address on the forms in our library still read as 101 1st Street S.E.. That complaint, mailed to Northern District a year ago has still never been returned to me.

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        _1 - 4 - 22_

Signature of Plaintiff

Printed Name of Plaintiff    Jack Losee

Prison Identification #    0403522

Prison Address        406 N. High Street

Anamosa                        Iowa        52205

_City_                    _State_        _Zip Code_

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

_City_                    _State_        _Zip Code_

Telephone Number

E-mail Address

Dear Clerk of Court,

  Enclosed, please find:

1. a §1983 complaint;

2. a Motion Requesting TRO and Preliminary Injunction;

3. a Memorandum In Support of TRO and P.I., with exhibits attached;

4. a Motion Requesting Class Certification;

5. a Motion Requesting Appointment of Counsel; and

6. the entire $402.00 filing fee.

Sincerely,

Jack Losee  #0403522

406 N. High st.

Anamosa, Iowa 52205



US POSTAGE <span>PITNEY BOWES</span>

$ 002.56°

ZIP 52205
02 4W
0000380462 JAN 10 2022

Jack Losee
# 0403522
406 N. High St.
Anamosa, IA
52205

Clerk of Court
U.S. District Court
Northern District of Iowa
111 7th Ave. S.E. , Box 12
Cedar Rapids , IA
52401

XRAYED US MARSHALS SERVICE

LEGAL
MAIL